# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**EARL MOORE,**

        **Petitioner,**

v.                                  **Civil Action No. 2:17cv109**
                                       **(Judge Bailey)**

**S. KALLIS, Warden,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On August 18, 2017, the *pro se* Petitioner, Earl Moore, an inmate incarcerated at FCI Hazelton in Bruceton Mills, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence imposed in the Eastern District of Pennsylvania. The Petitioner paid the $5 filing fee on September 5, 2017.

The matter is assigned to the Honorable John Preston Bailey, United States District Judge, and is referred to the undersigned United States Magistrate Judge for initial screening and to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. Factual and Procedural History[1]

**A. Conviction and Sentence**

---

[1] The facts are taken from the Petitioner's criminal Case No. 2:08cr730 in the United States District Court for the Eastern District of Pennsylvania, available on PACER. Unless otherwise noted, the ECF entries in this section refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

### A. Conviction and Sentence

On December 10, 2008, a grand jury in the Eastern District of Pennsylvania returned an indictment against the Petitioner, charging him with one count of attempt to possess five kilograms or more of cocaine with the intent to distribute, in violation of Title 21, United States Code, Section 846. On January 11, 2010, following a 3-day trial, a jury found the Petitioner guilty of the offense. ECF No. 58.

The Probation Office determined that the Petitioner was responsible for more than five but less than ten kilograms of cocaine, which carried a base offense level of 32. The Probation Office applied a two-level enhancement for obstruction of justice, resulting in an adjusted offense level of 34. However, based on his criminal record, the Petitioner was a career offender pursuant to Sections 4B1.1, and his offense level under this guideline was 37. The Petitioner was in criminal history category VI regardless of his career offender status, and his guideline range was 360 months to life imprisonment. ECF No. 121 at 2-3.

On July 6, 2010, the district court imposed a within-guideline range sentence of 360 months imprisonment, a term of supervised release of 8 years, a fine of $5000, and a special assessment of $100. ECF No. 77.

### B. Appeal

On March 17, 2010, the Petitioner filed a notice of appeal and subsequently argued that the government failed to present sufficient evidence for the jury to find him guilty of attempting to possess with intent to distribute five kilograms of cocaine. Specifically, he asserted that the government failed to prove that he took a "substantial step" toward the commission of a crime because he did not actually transfer the

$165,000 to the government informant. In addition, the Petitioner argued that his sentence was substantively unreasonable. Specifically, the Petitioner asserted that, in determining the duration of the sentence, the District Court should have considered the fact that he was "a smalltime drug dealer," who was "encouraged by government agent to gather money from others in an effort to lure them into purchasing a large amount of cocaine." In addition, the Petitioner argued that his sentence "[was] beyond any rational scheme designed to impose punishment," and that the District Court "overrepresent[ed]" his criminal history. Case No. 10-1736, Doc. 003110449913 at pp. 41-42. On November 14, 2011, the Third Circuit Court of Appeals affirmed the District Court's judgment. ECF No. 87.

### C. Motions to Vacate, Appeals Thereof and other Motions for Relief

On April 23, 2012, the Petitioner filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person and federal custody. In his motion, the petitioner raised claims of ineffective assistance of counsel, namely: (1) failure to challenge the legality of the stop and seizure; (2) failure to challenge the timing of the indictment under the Speedy Trial Act; (3) failure to order discovery of Brady materials from the government; (4) failure to give him full discovery prior to trial; and (5) failure to give him full discovery prior to filing the direct appeal. ECF No. 92. On July 17, 2013, the District Court denied the Petitioner's motion. ECF No. 104.

On August 6, 2013, the Petitioner filed a pro se notice of appeal. ECF No. 106. On September 9, 2013, the Third Circuit Court of Appeals dismissed the Petitioner's appeal for failure to timely prosecute because he failed to pay the requisite fee as

directed or file a motion to proceed in forma pauperis and certificate of service. ECF No. 108.

On June 16, 2016, the Petitioner, by counsel, filed a Notice of Filing of Protective § 2255. ECF No. 119. Relying on Johnson v. United States, 135 S.Ct. 2552 (2015), the Petitioner moved the court to set aside the judgment in his case and correct his sentence. ECF No. 119 at 2. On March 22, 2017, the Petitioner, by counsel, moved to withdraw his pending 2255 motion. ECF No. 126. On May 23, 2017, the Third Circuit Court of Appeals denied the Petitioner's application under 28 U.S.C.§§ 2244 and 2255(h) in light of the decision in Beckles v. United States, 137 S.Ct. 886 (2017). ECF No. 127. On June 12, 2017, the District Court dismissed the protective § 2255 in light of the Petitioner's Notice of Withdrawal. ECF No. 128.

D.  **Instant § 2241 Petition**

The Petitioner attacks his sentence under the savings clause and relies on Alleyne v. United States, 133 S.Ct. 2151 (2013); and Mathis v. United States, 136 S.Ct. 2243 (2016). The Petitioner contends that § 2255 is inadequate or ineffective to test the legality of his detention after his previous § 2255 motion was unsuccessful, because the the Supreme Court has determined that his prior convictions no longer trigger the career offender penalty. ECF No. 1 at 9. For relief, the Petitioner requests that this Court vacate his sentence and resentence him under the correct guideline range. Id. at 8.

### III. Legal Standard

A.  **Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions

4

for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

    B.    Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the

---

[2] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

> statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by prison officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation

bar,[3] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Further, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719

---

[3] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

a. The date on which the judgment of conviction becomes final;
b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

F.3d 583, 588 (7th Cir. 2013)). In <u>Wheeler</u>, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and <u>Jones</u> is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

<u>Wheeler</u>, supra, at 429 (emphasis added). The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in <u>Wheeler</u>. <u>Id.</u>

## IV. Analysis

Petitioner does not seek relief under any permissible ground in his § 2241 petition. The Petitioner claims do not relate to the execution of his sentence or calculation of his sentence by the BOP. Instead, the claims relate to the validity of the Petitioner's sentence imposed in the Eastern District of Pennsylvania. Such claims are properly contested either on direct appeal or in a § 2255 proceeding, and thus the

8

instant petition is actually an attempt to obtain relief available under § 2255, and should be treated as such.[4]

Although the Petitioner asserts that he is entitled to relief under the savings clause, it is clear that he is not entitled to its application.  Because the Petitioner is not contesting his conviction, the Jones standard does not apply to his petition for relief. Instead, the Court must review the Petitioner's challenge of his sentence under the four-part Wheeler test.  As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed.  However, the Petitioner cannot meet the second element of the Wheeler test, because any change to the settled law which established the legality of the Petitioner's sentence has not been deemed to apply retroactively to cases on collateral review.  Because Petitioner cannot meet the second prong of the Wheeler test, this Court does not need to consider the third or fourth parts of the test.

The Petitioner argues that his two prior offenses, one being a Pennsylvania drug offense under § 780-113(a)(3), and the other being resisting arrest under 18 Pa. C.S. § 5104, no longer qualify as predicate offenses for a career offender enhancement. The Petitioner cites to a litany of circuit court cases and cases issued by the United States Supreme Court in an effort to establish his entitlement to relief. However, no case that he cites has been held to be retroactively applicable to cases on collateral review by either SCOTUS or the Fourth Circuit.

---

[4] The Court also notes that, regardless of how such a pleading is styled or captioned, a second or successive attempt to obtain relief under 28 U.S.C. § 2255 requires authorization from the appropriate appellate court, which authorization is not present here.

In particular, the undersigned notes that the Petitioner relies on Mathis v. United States, 136 S.Ct. 2243 (2016), Descamps v. United States, 133 S.Ct. 2276 (2013), and Alleyne v. United States, 133 S.Ct. 2151 for his argument that his sentence was improperly enhanced. However, the Petitioner's reliance on these three cases is misplaced. Neither Mathis nor Descamps apply retroactively in this Circuit. See, e.g., Stewart v. United States, No. Elh-17-1408. 2017 WL 2361809, at *5 (D.Md. May 31, 2017) (§ 2255 case collecting cases holding that neither Descamps nor Mathis is retroactive); Brandon v. Wilson, No. 3:16cv142, 2017 WL 707497, at *4 (N.D.W. Va. Jan. 30, 2017) (§ 2241 case collecting cases holding Mathis is non-retroactive). Likewise, courts in this circuit have consistently held that Alleyne does not apply retroactively on collateral review. See United States v. Stewart, 540 Fed.Appx. 171, 172 n* (4th Cir. 2013) ("We note that Alleyne has not been made retroactively applicable to cases on collateral review"); see also Gibson v. United States, Case No. 1:11-cv-0024, 2014 WL 204198 (S.D.W. Va. Jan. 17, 2014) (noting the Fourth Circuit's decision in U.S. v. Stewart, barred this Court from applying Alleyne retroactively on collateral review); Barren v. United States, Case No. PJM 13-1824, 2014 WL 4299092, at *7 (D. Md. Aug. 29, 2014) (holding that Alleyne did not declare a new rule of law that would be retroactive); Ramseur v. United States, Case No. 9:11-cv-0075-RLV, 2014 WL 4854642, at *5 (W.D.N.C. Sep. 29, 2014) (finding that Alleyne has not been made retroactive on collateral review); Boyd v. United States, Case No. 7:08-cr-0003, 2014 WL 1653065, at *2 (W.D. Va. Apr. 24, 2014) (same); Ferranti v. United States, No. 1:91cr337-A, 2014 WL 2967944, at *2 (E.D. Va. June 30, 2014) (holding that "the principle adopted by the court in Alleyne is a 'new constitutional rule of criminal

procedure, ' which … Is not applicable to cases on collateral review. Furthermore, Alleyne is not a 'watershed' decision by the Supreme Court's definition. Therefore, Alleyne is not retroactive on collateral review.") (Internal citation omitted).  Finally, the Petitioner's status as a career offender is based on prior convictions. The rule set out in Apprendi[5], and extended by Alleyne, does not apply to prior convictions. United States v. Richardson, 2013  WL 399-1474 (.D. Va. Aug. 2, 2013); United States v. Wynn, 2013 WL 3941316 (6th Cir. July 31, 2013); Brockington v. United States, 2013 WL 5914255 (D.S.C. Oct. 31, 20013); Lansdowne v. Wilson, 2013 WL 5770528 (E.D. Va. Oct. 22, 2013) (A petitioner may not challenge the validity of his sentence in a Section 2241 alleging that he is "actually innocent" of the sentencing enhancement based upon Alleyne).

      Because the Petitioner attacks the validity of his sentence, but fails to establish that he meets all four prongs of the Wheeler savings clause test for erroneous sentences, the Petitioner cannot demonstrate that § 2255 is an inadequate or ineffective remedy and has improperly filed his petition under § 2241 with respect to his sentence. Accordingly, this Court is without jurisdiction to consider the petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."  Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. Recommendation

      For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED without prejudice.**

---

[5] Apprendi v. New Jersey, 530 U.S. 466 (2000).

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  July 2, 2018

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE