**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**EARL MOORE**,

       Petitioner,

v.                                                   **CIVIL ACTION NO. 2:17-CV-109
(BAILEY)**

**S. KALLIS**, Warden,

       Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert [Doc. 10]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on July 2, 2018, wherein he recommends this Court deny and dismiss without prejudice petitioner's § 2241 Petition [Doc. 1].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91,

1

94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of service, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Petitioner timely filed his Objections on July 20, 2018 [Doc. 12]. Accordingly, this Court will review the portions of the R&R to which the petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## BACKGROUND

Petitioner does not object to the R&R's recitation of the factual background and procedural history. Thus, rather than reiterating such in detail, this Court will only briefly summarize that which is most relevant.

On January 11, 2010, following trial in the Eastern District of Pennsylvania, a jury found petitioner guilty of attempt to possess five kilograms or more of cocaine with the intent to distribute, in violation of 21 U.S.C. § 846. On July 6, 2010, the district court imposed a within-guideline range sentence of 360 months imprisonment, 8 years of supervised release, and a $5,000 fine. In determining the appropriate guideline range, petitioner's offense level was raised from level 34 to level 37 because, based on his criminal record, petitioner was found to be a career offender.

Petitioner's direct appeal challenged both his conviction and sentence. On November 14, 2011, the United States Court of Appeals for the Third Circuit affirmed the district court's judgment. On April 23, 2012, petitioner filed a *pro se* § 2255 petition asserting claims of ineffective assistance of counsel. On July 17, 2013, the district court denied the § 2255 petition. On September 9, 2013, the Third Circuit dismissed petitioner's appeal of the district court's denial of the § 2255 petition for failure to timely prosecute.

On June 16, 2016, petitioner, by counsel, filed a Notice of Filing of Protective § 2255

2

which, relying on *Johnson v. United States*, 135 S.Ct. 2552 (2015), moved the court to set aside the judgment in his case and correct his sentence. Petitioner, by counsel, then moved to withdraw his pending § 2255 petition on March 22, 2017. On May 23, 2017, in light of the Supreme Court's decision in *Beckles v. United States*, 137 S.Ct. 886 (2017), the Third Circuit denied petitioner's application for a second or successive § 2255 petition. On June 12, 2017, the district court dismissed the protective § 2255 petition in light of the petitioner's notice of withdrawal.

Petitioner's instant § 2241 petition attacks his sentence under the savings clause of § 2255(e), relying on *Alleyne v. United States*, 570 U.S. 99 (2013), and *Mathis v. United States*, 136 S.Ct. 2243 (2016). Petitioner contends that the Supreme Court has determined that his prior convictions no longer trigger the career offender penalty, and that § 2255 is inadequate or ineffective to test the legality of his detention after his previous § 2255 petition was unsuccessful. For relief, petitioner requests this Court vacate his sentence and resentence him under the "correct" guideline range.

## APPLICABLE LAW

Where, as here, a petitioner seeks to attack the imposition of his sentence rather than its execution, he may only seek a writ of habeas corpus pursuant to § 2241 by demonstrating that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (the "savings clause"); *see also In re Jones*, 226 F.3d 328 (4th Cir. 2000). Relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal.

3

*In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

In *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), the Fourth Circuit held that § 2255 is inadequate or ineffective to test the legality of a sentence when all of the following four conditions are met:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

886 F.3d at 429 (citing *In re Jones*, 226 F.3d at 333–34).

## **DISCUSSION**

Magistrate Judge Seibert recommends that this Court deny and dismiss petitioner's § 2241 petition for lack of jurisdiction, stating that "[b]ecause the Petitioner attacks the validity of his sentence, but fails to establish that he meets all four prongs of the *Wheeler* savings clause test for erroneous sentences, the Petitioner cannot demonstrate that § 2255 is an inadequate or ineffective remedy and has improperly filed his petition under § 2241 with respect to his sentence" [Doc. 10 at 11]. Magistrate Judge Seibert determined that petitioner could not meet the second element of the *Wheeler* test "because any change to the settled law which established the legality of the Petitioner's sentence has not been deemed to apply retroactively to cases on collateral review" [Id. at 9]. Specifically, Magistrate Judge Seibert found that the cases petitioner relies on—*Mathis*, *Alleyne*, and *Descamps v. United States*, 570 U.S. 254 (2013)—do not apply retroactively on collateral review in this circuit [Id. at 9–11].

4

Petitioner presents two objections. First, petitioner argues Magistrate Judge Seibert's determination that *Mathis* does not apply retroactively on collateral review in this circuit is "wrong" [Doc. 12 at 1–2]. Petitioner relies on *Graham v. United States*, 276 F.Supp.3d 509 (D.S.C. 2017), to support this assertion. In *Graham*, the United States District Court for the District of South Carolina concluded "that *Mathis* announced an old rule, which is applicable on collateral review pursuant to *Whorton* [*v. Bockting*, 549 U.S. 406 (2007)] and *Teague* [*v. Lane*, 489 U.S. 288 (1989)]." 276 F.Supp.3d at 513.

This Court, along with other district courts in this circuit, have held that *Mathis* does not represent a substantive change in the law. *See, e.g.*, *Gutierrez v. United States*, 2018 WL 2416585, at *2 (N.D. W.Va. May 29, 2018) (Keeley, J.) ("Put simply, *Mathis* sets forth a 'procedural rule that has not been made retroactive on collateral review.'" (quoting *Fisher v. Rickard*, 2018 WL 1405324, at *4 (S.D. W.Va. Feb. 16, 2018), report and recommendation adopted, 2018 WL 1404279 (S.D. W.Va. Mar. 20, 2018))); *Richards v. Kallis*, 2018 WL 3596043, at *2 (N.D. W.Va. July 26, 2018) (Stamp, J.) ("To meet the second prong of *Wheeler*, the petitioner must show that a change in substantive law applied retroactively to their sentence. The magistrate judge correctly noted that the cases on which petitioner relies, *Mathis* and *Hinkle*, do not meet this requirement because neither are retroactive. Thus, the magistrate judge correctly found that the petitioner's claims may not be considered under a § 2241 petition."); *Stewart v. United States*, 2017 WL 2361089, at *5 (D. Md. May 31, 2017) (recognizing that *Mathis* did not announce a new substantive rule applicable to cases on collateral review). Further, the United States Court of Appeals for the Fourth Circuit has stated the following:

> In his § 2241 petition, [petitioner] sought to challenge his career offender designation based on **Mathis** . . . . However, **Mathis** merely clarified when a court must apply the categorical approach, rather than the modified categorical approach, in determining the nature of a prior conviction, and did not effect a change in the law. **Muhammad v. Wilson**, 715 F. App'x 251, 252 (4th Cir. 2017) ("**Mathis** did not announce a substantive change to the law."). [Petitioner], therefore, cannot bring this challenge in a § 2241 petition.

**Davis v. Andrews**, 727 Fed. App'x 782 (4th Cir. 2018) (unpublished per curiam opinion).

Thus, this Court finds the magistrate judge's determination that **Mathis** was not a substantive change in the law to be applied retroactively, and therefore petitioner could not bring a challenge to his career offender designation based on **Mathis** in a § 2241 petition, to be correct. To the extent the United States District Court for the District of South Carolina reached a different conclusion in **Graham**, such decisions are not binding on this Court.[1] Accordingly, this objection is **OVERRULED**.

Petitioner's second objection is that "the Magistrate's R&R apparently misreads [petitioner's] use of the decision in **Alleyne v. United States**, 133 S.Ct. 2151 (2013), that is, [petitioner] is not attempting to rely on it as retroactive, but only its acknowledgment to the significance of a mis-applied mandatory minimum . . ." [Doc. 12 at 2]. This Court, of course, acknowledges the significance of the **Alleyne** decision, but **Alleyne** bears no significance for petitioner's case here. As the magistrate judge correctly points out, "[t]he Petitioner's status as a career offender is based on prior convictions. The rule set out in **Apprendi** [**v. New Jersey**, 530 U.S. 466 (2000)], and extended by **Alleyne**, does not apply to prior convictions" [Doc. 10 at 11]; see **Wheeler**, 886 F.3d at 431 n.8 ("**Alleyne** bars

---

[1] This Court also notes that the district court in **Graham** was considering a § 2255, rather than a § 2241, petition.

'judicial factfinding that increases the mandatory minimum sentence for a crime,' 133 S.Ct. at 2155, but the Court left undisturbed the 'narrow exception to this general rule for the fact of a prior conviction,' *id.* at 2160 n.1; see **Almendarez-Torres**, 523 U.S. 224, 226 (1998) (A 'penalty provision' that 'authorizes a court to increase the sentence for a recidivist' based on a prior conviction 'does not define a separate crime.')"); *see also* **United States v. Richardson**, 2013 WL 3991474 (E.D. Va. Aug. 2, 2013); **Lansdowne v. Wilson**, 2013 WL 5770528 (E.D. Va. Oct. 22, 2013). Thus, no matter what petitioner intended by his single mention of the **Alleyne** decision [Doc. 8 at 3], **Alleyne** is not helpful to petitioner here. Accordingly, this objection is also **OVERRULED**.

Therefore, having overruled petitioner's objections and finding no clear error in the remainder of the R&R, this Court finds that the magistrate judge correctly found that the petitioner's claims may not be considered under a § 2241 petition. Because petitioner cannot satisfy the requirements articulated in **Wheeler**, the savings clause offers the petitioner no relief, and this Court must dismiss for want of jurisdiction. **Wheeler**, 886 F.3d at 423 ("[W]e hold that the savings clause is a jurisdictional provision.").

## CONCLUSION

Upon careful review of the record, it is the opinion of this Court that Magistrate Judge Seibert's Report and Recommendation **[Doc. 10]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the report. Further, petitioner's Objections **[Doc. 12]** are **OVERRULED**. Accordingly, petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[Doc. 1]** is hereby **DENIED** and **DISMISSED WITHOUT PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor

7

of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: August 8, 2018.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE