# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**EARL MOORE**,

    Petitioner,

v.                                                    **CIVIL ACTION NO. 2:17-CV-109**
                                                        **(BAILEY)**

**S. KALLIS**, Warden,

    Respondent.

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter comes before this Court upon consideration of the *pro se* petitioner's Motion for Reconsideration [Doc. 16], filed on August 24, 2018. Petitioner's Motion seeks reconsideration of this Court's August 8, 2018, Order Adopting Report and Recommendation [Doc. 13], which denied and dismissed without prejudice the petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. For the reasons stated below, and those more fully stated in its previous Order, this Court **DENIES** the Motion.

On January 11, 2010, following trial in the Eastern District of Pennsylvania, a jury found petitioner guilty of attempt to possess five kilograms or more of cocaine with the intent to distribute, in violation of 21 U.S.C. § 846. On July 6, 2010, the district court imposed a within-guideline range sentence of 360 months imprisonment, 8 years of supervised release, and a $5,000 fine. In determining the appropriate guideline range, petitioner's offense level was raised from level 34 to level 37 because, based on his criminal record, petitioner was found to be a career offender.

Petitioner's direct appeal challenged both his conviction and sentence. On

1

November 14, 2011, the United States Court of Appeals for the Third Circuit affirmed the district court's judgment. On April 23, 2012, petitioner filed a *pro se* § 2255 petition asserting claims of ineffective assistance of counsel. On July 17, 2013, the district court denied the § 2255 petition. On September 9, 2013, the Third Circuit dismissed petitioner's appeal of the district court's denial of the § 2255 petition for failure to timely prosecute.

On June 16, 2016, petitioner, by counsel, filed a Notice of Filing of Protective § 2255 which, relying on **Johnson v. United States**, 135 S.Ct. 2552 (2015), moved the court to set aside the judgment in his case and correct his sentence. Petitioner, by counsel, then moved to withdraw his pending § 2255 petition on March 22, 2017. On May 23, 2017, in light of the Supreme Court's decision in **Beckles v. United States**, 137 S.Ct. 886 (2017), the Third Circuit denied petitioner's application for a second or successive § 2255 petition. On June 12, 2017, the district court dismissed the protective § 2255 petition in light of the petitioner's notice of withdrawal.

On August 18, 2018, petitioner filed his § 2241 petition which attacked his sentence under the savings clause of § 2255(e), relying on **Alleyne v. United States**, 570 U.S. 99 (2013), and **Mathis v. United States**, 136 S.Ct. 2243 (2016). Petitioner contended that the Supreme Court has determined that his prior convictions no longer trigger the career offender penalty, and that § 2255 is inadequate or ineffective to test the legality of his detention after his previous § 2255 petition was unsuccessful. For relief, petitioner requested this Court vacate his sentence and resentence him under the "correct" guideline range.

Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge

James E. Seibert for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Seibert recommended that this Court deny and dismiss petitioner's § 2241 petition for lack of jurisdiction, stating that "[b]ecause the Petitioner attacks the validity of his sentence, but fails to establish that he meets all four prongs of the *Wheeler* [886 F.3d 415 (4th Cir. 2018)] savings clause test for erroneous sentences, the Petitioner cannot demonstrate that § 2255 is an inadequate or ineffective remedy and has improperly filed his petition under § 2241 with respect to his sentence" [Doc. 10 at 11]. Magistrate Judge Seibert determined that petitioner could not meet the second element of the *Wheeler* test "because any change to the settled law which established the legality of the Petitioner's sentence has not been deemed to apply retroactively to cases on collateral review" [Id. at 9]. Specifically, Magistrate Judge Seibert found that the cases petitioner relied on—*Mathis*, *Alleyne*, and *Descamps v. United States*, 570 U.S. 254 (2013)—do not apply retroactively on collateral review in this circuit [Id. at 9–11].

On August 8, 2018, this Court adopted the magistrate judge's R&R, finding that "the magistrate judge correctly found that the petitioner's claims may not be considered under a § 2241 petition. Because petitioner cannot satisfy the requirements articulated in *Wheeler*, the savings clause offers the petitioner no relief, and this Court must dismiss for want of jurisdiction. *Wheeler*, 886 F.3d at 423 ('[W]e hold that the savings clause is a jurisdictional provision.')" [Doc. 13 at 7]. Petitioner now seeks reconsideration of that ruling.

In considering the instant Motion, this Court has considered the recognized grounds upon which to grant relief pursuant to Rule 59(e). The Fourth Circuit has recognized that "there are three grounds for amending an earlier judgment:"

3

> (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See* **EEOC v. Lockheed Martin Corp.**, 116 F.3d 110, 112 (4th Cir. 1997); **Hutchinson v. Staton**, 994 F.2d 1076, 1081 (4th Cir. 1993). Thus, the rule permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." **Russell v. Delco Remy Div. of Gen. Motors Corp.**, 51 F.3d 746, 749 (7th Cir. 1995). Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. *See id.*; **Concordia College Corp. v. W.R. Grace & Co.**, 999 F.2d 326, 330 (8th Cir. 1993); **FDIC v. World Univ., Inc.**, 978 F.2d 10, 16 (1st Cir. 1992); **Simon v. United States**, 891 F.2d 1154, 1159 (5th Cir. 1990); *see also* **In re: Reese**, 91 F.3d 37, 39 (7th Cir. 1996) ("A motion under Rule 59(e) is not authorized 'to enable a party to complete presenting h[er] case after the court has ruled against h[er].'") (quoting **Frietsch v. Refco, Inc.,** 56 F.3d 825, 828 (7th Cir. 1995))); 11 Wright *et al.*, ***Federal Practice and Procedure*** § 2810.1, at 127-28 (2d ed. 1995) ("The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party "must produce a 'legitimate justification for not presenting' the evidence during the earlier proceeding." **Small v. Hunt**, 98 F.3d 789, 798 (4th Cir. 1996) (quoting **RGI, Inc. v. Unified Indus., Inc.**, 963 F.2d 658, 662 (4th Cir. 1992)). In general, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Wright *et al.*, *supra,* § 2810.1, at 124.

**Pac. Ins. Co. v. American Nat. Fire Ins. Co.**, 148 F.3d 396, 403 (4th Cir. 1998).

Petitioner seemingly attempts to assert the third ground for relief: "to correct a clear error of law or prevent manifest injustice." ***Id.*** However, a thorough reading of the petitioner's Motion reveals that it is, in fact, an attempt to do all that which the above Rule prohibits. The petitioner certainly makes no showing that there has been an intervening change in controlling law, nor does he show that any new evidence has come to light which was not previously available. *See* **EEOC**, 116 F.3d at 112; **Hutchinson**, 994 F.2d at 1081. Petitioner simply disagrees with this Court's decision and seeks to relitigate old matters.

4

Accordingly, upon consideration of the above, this Court **DENIES** the Motion for Reconsideration **[Doc. 16]**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED**: August 29, 2018.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE